UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUSTIN RANDOLPH | CIVIL ACTION |
| VERSUS | NO: 07-3265 |
| HANOVER INSURANCE COMPANY, ET AL | SECTION: "J" (4) |

**ORDER**

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 5). In this case, arising out of Hurricane Katrina, the Plaintiff homeowner filed suit against his insurance company and insurance agent. This Court finds that no claim can be stated against the insurance agency. Several judges of this Court have found that Louisiana law imposes no duty on agents to identify spontaneously a client's needs and advise him as to whether he is underinsured or carries the right type of coverage. Williams v. Lexington Ins. Co, No. 06-8925, Rec. Doc. No. 10 (E.D. La. Aug. 14, 2007)(Barbier, J.); Dobson v. Allstate Ins. Co., 2006 WL 2078423, at *10 (E.D. La. July 21, 2006)(Vance, J.); Parker v. Lexington Ins. Co., 2006 WL 3328041 (E.D. La. Nov. 15, 2006)(Zainey, J.); Sullivan v. State Farm Fire and Cas. Ins. Co., No. 06-0004, Rec. Doc. Nos. 42, 44 (E.D. La. Apr. 6, 2006)(Duval,

J.); <u>Whitehead v. State Farm Ins. Co.</u>, No. 06-8115, Rec. Doc. 9 (E.D. La. Dec. 15, 2006)(Berrigan, C.J.).

The plaintiff here, as in the cases cited above, did not allege that he requested a specific type or amount coverage which the agent then failed to provide, but rather that the agent failed to assess independently and unilaterally the plaintiff's insurance needs and recommend higher or different coverages.  As held by other decisions of this Court, no such duty on the part of an agent exists under Louisiana law.

Because the plaintiffs can state no cause of action against the Oxford Insurance Agency, the Court finds that it has been improperly joined as a defendant.  Therefore, this Court exercises its diversity jurisdiction, as the remaining parties in the case are diverse and the amount in controversy is over the jurisdictional requisite.  *See Smallwood v. Ill. Cent. R.R.*, 358 F.3d 568, 573 (5th Cir. 2004).[1]  Accordingly,

**IT IS ORDERED** that the Motion to Remand (Rec. Doc. 5) is **DENIED**;

**IT IS FURTHER ORDERED** that the Oxford Insurance Agency is improperly joined;

**IT IS FURTHER ORDERED** that the claims against Oxford

---

[1] Because this Court finds that Oxford Insurance Agency is an improperly joined defendant, its does not reach the other bases for remand cited by the Plaintiff.

2

Insurance Agency are **DISMISSED with prejudice**;

New Orleans, Louisiana this the 10th day of September, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE